GONZALO ET AL., DEMANDANTES Y APELADOS, *v.* JIMÉNEZ ET AL., DEMANDADAS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre reivindicación.

No. 2436.—Resuelto en julio 3, 1922.

VENTA DE FINCA PARA PAGO DE CONTRIBUCIONES—REIVINDICACIÓN DE CONDOMINIOS—BIENES DE MENORES.—En el presente caso *se resolvió:* que si como alegan los demandantes la adjudicación de la finca ''Envidiada'' al albacea es nula e inexistente en cuanto a las participaciones que en ella les correspondía porque eran menores interesados y no se obtuvo autorización judicial, entonces, nunca dejaron de ser dueños de tales participaciones y por tanto al vender El Pueblo de Puerto Rico la finca en subasta pública para cobrar las contribuciones que no le habían sido satisfechas vendió las participaciones hereditarias que los demandantes tenían en la finca por lo que carecen de acción para reclamarlas, ya que no fundan su derecho en defectos del procedimiento gubernativo seguido para hacer efectivo el pago de esas con-

tribuciones. Los demandantes como dueños de dichas participaciones estaban obligados al pago de las contribuciones de la finca si no querían que fuera vendida y que en su consecuencia se extinguiera su derecho sobre ellas, salvo el de redimirla, que no utilizaron. La venta para el pago de contribuciones extingue los derechos sobre la finca vendida aunque esté poseída por persona que no sea responsable de ellas o que descuidó pagarlas.

Los hechos están expresados en la opinión.

Abogado de las apelantes: *Sr. J. Sabater.*

Abogado de los apelados: *Sr. A. Arnaldo.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Los esposos José Román Castro y Francisca Escalona murieron en el año 1888 siendo dueños de una hacienda de café de 235 cuerdas de terreno nombrada ''Envidiada,'' radicada en el barrio de Bateyes del término municipal de Mayagüez, la que en 1892 fué adjudicada en la partición de sus bienes a su albacea Bernardo Escalona con obligación de pagar ciertas deudas de la herencia de los esposos. Desde entonces esa finca ha sido adquirida por diversas personas e inscrita en el registro hasta que en 1906 siendo de Edith Frantwetter, fué vendida en pública subasta por El Pueblo de Puerto Rico para el pago de las contribuciones impuestas a ella y fué adjudicada a Angel A. Vázquez quien en 1908 la vendió a Martiniano Martínez, siendo en la actualidad de su viuda Flora Jiménez Maristany y de la hija de ambas Aminta Martínez y Jiménez. Estas dos personas fueron demandadas en el año 1920 por algunos de los herederos de José Román Castro y de Francisca Escalona con objeto de que las demandadas reconozcan las participaciones proporcionales que los demandantes alegan tener en dicha finca como herederos de dichos esposos y de las cuales no se han desprendido por ser nula la adjudicación que de la finca se hizo al albacea porque habiendo menores interesados en la partición no se hizo dicha adjudicación mediante expediente que se tramitara para justificar la necesidad y utilidad de tal adjudicación ni se celebró subasta para ella. Dictada sen-

tencia en este caso de acuerdo con las pretensiones de los demandantes fué apelada por las demandadas quienes alegan como uno de los errores de la corte sentenciadora el de no haber dado valor al título de venta en pública subasta por falta de pago de contribuciones hecho por El Pueblo de Puerto Rico a favor de Vázquez, de quien adquirió el causante de las demandadas.

Si como alegan los demandantes la adjudicación de la finca "Envidiada" al albacea es nula e inexistente en cuanto a las participaciones que en ella les correspondía, porque mediaban menores interesados y no se obtuvo autorización judicial, entonces, nunca dejaron de ser dueños de tales participaciones y por tanto al vender El Pueblo de Puerto Rico la finca en subasta pública para cobrar las contribuciones que no le habían sido satisfechos vendió las participaciones hereditarias que los demandantes tenían en la finca por lo que carecen de acción para reclamarlas, ya que no fundan su derecho en defectos del procedimiento gubernativo seguido para hacer efectivo el pago de esas contribuciones. Los demandantes como dueños de dichas participaciones estaban obligados al pago de las contribuciones de la finca si no querían que fuera vendida y que en su consecuencia se extinguiera su derecho sobre ellas, salvo el de redimirla que no utilizaron. La venta para el pago de contribuciones extingue los derechos sobre la finca vendida aunque esté poseída por persona que no sea responsable de ellas o que descuidó pagarlas. 26 R. C. L. página 403. Al Pueblo de Puerto Rico le bastaba seguir, como siguió, el procedimiento gubernativo para la venta de la finca contra la persona que según el registro de la propiedad era dueña de ella, por lo que no son de aplicación a este caso los de *Menéndez* v. *El Registrador,* 13 D. P. R. 191, y de *González* v. *Pierazzi,* 23 D. P. R. 399 que nos citan los apelados, y si habían otras personas desconocidas para él que eran los verdaderos dueños debieron éstas cuidarse de hacérselo saber y de pagar las contribuciones para que su de-

recho no quedase extinguido.  En algunas jurisdicciones se llega hasta declarar que un título de venta por contribuciones crea en el comprador un nuevo y original título.  37 Cyc. 1473.

La sentencia apelada debe ser revocada y dictarse otra declarando sin lugar la demanda.

> *Revocada la sentencia apelada y dictada otra declarando sin lugar la demanda.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.